**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Essex Insurance Company,<br><br>    Plaintiff,<br><br>vs.<br><br>William Witt, et al.,<br><br>    Defendants. | No. CV-05-2214-PCT-DGC<br><br>**ORDER** |

Plaintiff Essex Insurance Company has filed a Motion to Strike Defendants' Jury Demand. Doc. #67. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

Rule 38(b) of the Federal Rules of Civil Procedure provides that a party may demand a jury trial with respect to a particular issue by serving a written demand on the other parties "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue[.]" In this case, no party served a jury demand within 10 days after the last pleading directed to issues raised in the original complaint. As a result, the Court concludes that the parties have waived their rights to a jury trial with respect to all issues raised in the original complaint. Plaintiff's motion will therefore be granted with respect to all issues raised in the original complaint.

Plaintiff filed a first amended complaint on April 21, 2006. Defendants Nigel Turner, Jocelyn Turner, and CW Ranch, LLC (the "Turner/Ranch Defendants") filed a timely jury demand on May 5, 2006. Defendant William Witt did not file a timely jury demand with

1 respect to the first amended complaint. Instead, Defendant Witt asserted his right to a jury
2 trial in a July 11, 2006 response to Plaintiff's motion.

3 The Turner/Ranch Defendants' jury demand is timely with respect to issues raised for
4 the first time in the first amended complaint. Defendant Witt's joinder is untimely.
5 Plaintiff's motion will be denied with respect to the Turner/Ranch Defendants and issues
6 raised for the first time in the first amended complaint, but will be granted with respect to
7 Defendant Witt.

8 Plaintiff argues in its reply that the Turner/Ranch Defendants' jury demand is
9 ineffective because issues raised for the first time in the first amended complaint seek only
10 equitable relief. Because this argument was made in a reply memorandum and Defendants
11 have had no opportunity to respond, the Court will not consider it at this time. The parties
12 should address this issue when they file a Proposed Final Pretrial Order later in the case.

13 Plaintiff also argues in its reply that the Court should bifurcate trial of the equitable
14 and legal issues in this case. Because Defendants have not had an opportunity to respond to
15 this argument and consideration of the issue at this stage of the case would be premature, the
16 Court will not address the argument. Bifurcation should be addressed in the Proposed Final
17 Pretrial Order to be filed later in the litigation.

18 **IT IS ORDERED** that Plaintiff Essex Insurance Company's Motion to Strike
19 Defendants' Jury Demand (Doc. #67) is **granted in part and denied in part** as set forth
20 above.

21 DATED this 18th day of July, 2006.

_____
David G. Campbell
United States District Judge